### D. W. Pope v. The State.

No. 3263.        Decided October 21, 1914.

**Embezzlement—Sufficiency of the Evidence—Money—Draft.**

   Where defendant was charged with embezzlement as a bookkeeper, and the evidence showed that the various steps taken by him were made in the scheme to appropriate his employer's money, which he had under his control, and that he used the money in the bank in the purchase of exchange payable to his brother-in-law, the contention that if he embezzled anything, it was the draft or exchange, and not money as charged in the indictment was untenable, and the evidence being sufficient to sustain the conviction, there was no error.

Appeal from the District Court of Potter. Tried below before the Hon. James N. Browning.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Reeder & Dooley,* for appellant.—On question that the defendant embezzled a draft instead of money: Block v. State, 44 Texas, 620; Lancaster v. State, 9 Texas Crim. App., 393; Baker v. State, 6 id., 344; Statum v. State, 9 id., 273; Snelling v. State, 57 Texas Crim. Rep., 416, 123 S. W. Rep., 610.

*C. E. Lane,* Assistant Attorney General, and *Henry S. Bishop* and *Crudgington & Works,* for the State.—On question of appropriating money: Hamer v. State, 60 Texas Crim. Rep., 341, 131 S. W. Rep., 813; State v. Martin, 132 S. W. Rep., 595; State v. Mispagel, 106 S. W. Rep., 513; Leach v. State, 81 S. W. Rep., 733.

HARPER, Judge.—Appellant was convicted of embezzlement and his punishment assessed at two years confinement in the State penitentiary.

Appellant was bookkeeper and cashier of the Nobles Grocery Company at Amarillo, Texas, with authority to draw checks and sign the corporation's name thereto in payment of any debts due by the corporation. He drew a check on the Amarillo Bank & Trust Co., payable to the First State Bank for $312.60, signing Nobles Bros.' name thereto, by D. W. Pope. He carried this check to the First State Bank, where there was a draft due by Nobles Bros. for $107.42 which he paid, and then had St. Louis exchange issued for the remainder, $205.18, payable to his, appellant's, brother-in-law, H. W. Tolbert. This draft or exchange appellant used in paying a debt due by him to Walter Crossett, endorsing the exchange in Tolbert's and his own name. The $312.60 check was, of course, charged to Nobles Bros.' account by the Bank & Trust Co., they having money to their credit in that institution.

These facts are in no way disputed in the record, but clearly proven beyond all doubt, appellant's contention being that if he embezzled anything it was the draft or exchange, and not money as charged in the indictment, and presents the questions from several different viewpoints. Had appellant had the exchange made payable to Nobles Grocery Co., and subsequently appropriated it, there might be some strength to his contention, unless it was clearly shown that it was his intention to make use of it for his own benefit at the time he secured it. But no such case is presented, but the intention to appropriate is made manifest when he had the exchange issued in his brother-in-law's name,—the appropriation took place in having it so issued, and it was with his employer's money in the bank he secured this draft to be issued. So it was at that very time an appropriation to his own use and benefit of that much money when he had the bank to issue the draft or exchange. The appropriation took place when he delivered the check with the request that the exchange be issued and delivered to him. The evidence that he subsequently endorsed the draft in his brother-in-law's name so that it would be payable to him, and he then endorsed it in his own name when he delivered it to his creditor, is but evidence that he had that intention and did embezzle the money when he had the draft or exchange issued in the name of his brother-in-law. The court correctly held that it was the money he embezzled and not the draft or exchange. The various steps taken by him were but steps in the one scheme to appropriate his employer's money, of which he, by the confidence placed in him, had under his control to the extent he used the money in the bank in the purchase of the exchange payable to his brother-in-law.

The judgment is affirmed.

*Affirmed.*